UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:08-CR-00054-TBR

UNITED STATES OF AMERICA,                                              PLAINTIFF

v.

SHERRY N. ALLEN,                                                       DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Sherry Allen's motion for expungement, [DN 47.] The United States responded, [DN 49], and this matter is now ripe for review. For the reasons discussed in detail below, Allen's motion is **DENIED**.

DISCUSSION

In 2009, Defendant Sherry Allen pled guilty to one count of identity theft in violation of 18 U.S.C. § 1028(a)(7). In her instant motion, Allen requests that the Court expunge her conviction. In support of this request, Allen states that her conviction has limited her employment opportunities and her ability to achieve financial stability to support her family to the fullest. [DN 47 at 1–2.] She further states that she has made consistent payments on her restitution amount, which demonstrates her good conduct. [*Id.* at 2.]

In response, the United States opposes Allen's motion, arguing that the Court lost jurisdiction over this matter following the entry of the final judgment and the expiration of the appeal period. [DN 49 at 1.] A review of the relevant Sixth Circuit case law demonstrates that the United States is correct.

"The Sixth Circuit discussed the authority of district courts to grant expungement in three recent decisions, *see*, *e.g.*, *United States v. Carey*, 602 F.3d 738 (6th Cir. 2010); *Lucido*, 612

F.3d [871, 873 (6th Cir. 2010] . . . [and] *United States v. Field*, 756 F.3d 911 (6th Cir 2014)."

*United States v. Daniels*, No. 03-50015, 2016 WL 4168647, at *1 (E.D. Mich. Aug. 8, 2016).

> In *Lucido*, the Sixth Circuit identified three possible circumstances in which a federal court could exercise its authority to expunge a conviction. A federal court possesses jurisdiction when (1) the court has original jurisdiction under 18 U.S.C § 3231; (2) a statute authorizes expungement of the conviction under the circumstances; or (3) a court has authority under its ancillary jurisdiction. *Id.* at 873. In addition, the Sixth Circuit has recognized that where motions for expungement challenge an unconstitutional conviction or an illegal arrest or are otherwise based upon a constitutional claim, federal courts may have ancillary jurisdiction to consider the motion. *Field*, 756 F.3d at 915 (citing *Carey*, 602 F.3d at 739).

*Id.* at *1 (E.D. Mich. Aug. 8, 2016) (citing *Lucido,* 612 F.3d at 873) (internal citations omitted).

Here, as in *Daniels*, "[t]he Court does not have jurisdiction under the first ground because § 3231 confers jurisdiction for 'offenses against the laws of the United States' only, and the motion for expungement is a request for an equitable form of relief seeking to alter public records, it does not involve an offense against the United States." *Id.* With regard to the second ground, 18 U.S.C. § 1028, the statute of Allen's conviction, does not authorize expungements, as do some other statutory provisions. *See, e.g.*, 18 U.S.C. § 3607(c) ("If the case against a person found guilty of an offense under section 404 of the Controlled Substances Act (21 U.S.C. 844) is the subject of a disposition under subsection (a), and the person was less than twenty-one years old at the time of the offense, the court shall enter an expungement order upon the application of such person.").

Finally, the exercise of ancillary jurisdiction is also impermissible here. In 2014, the Sixth Circuit held that:

> [t]he ambit of ancillary jurisdiction to hear motions to expunge is limited, however. For example, federal courts lack ancillary jurisdiction over motions for expungement that are grounded on purely equitable considerations—*e.g.,* motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities.

2

*Field*, 756 F.3d at 915. In contrast, "where motions for expungement challenge an unconstitutional conviction or an illegal arrest or are otherwise based upon a constitutional claim, federal courts may have jurisdiction to consider the motion" using ancillary jurisdiction. *Id.* Here, Allen does not challenge her conviction as being unconstitutional or predicated on an illegal arrest, however. Rather, she raises only equitable considerations such as her employment opportunities, monetary status, and good conduct following her conviction. [*See* DN 47 at 1–2.] Unfortunately, this is not enough. While the Court sympathizes with Allen and commends her for her efforts to repay her debt, work hard, and provide for her family, the law simply does not allow the Court to exercise jurisdiction here. Accordingly, the Court must deny Allen's motion.

## CONCLUSION

For the reasons discussed herein, Allen's motion for expungement, [DN 47], is **DENIED**.

**IT IS SO ORDERED**.

Date:

cc: Counsel